

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-83,367-01 & WR-83,367-02

### IN RE JOHN EDWARD LEWIS, Relator

### ON PETITION FOR WRITS OF MANDAMUS AND PROHIBITION
### TO THE TRAVIS COUNTY DISTRICT ATTORNEY
### REGARDING PRE-INDICTMENT DISCOVERY

**ALCALA, J., filed a concurring statement.**

### CONCURRING STATEMENT

I concur in the Court's decision to deny leave to file a petition for writs of mandamus and prohibition sought by John Edward Lewis, relator, who asserts that he has been arrested but does not claim that any complaint, information, or indictment has been filed against him. In his present petition, relator seeks to compel the Travis County District Attorney, respondent, to comply with the requirement of Texas Code of Criminal Procedure Article 39.14 that discovery be provided "as soon as practicable,"[1] and he further seeks to prohibit

---

[1] *See* TEX. CODE CRIM. PROC. art. 39.14.

respondent from withholding discovery until after the filing of an indictment. Because relator has failed to show that he has a clear right to the relief he seeks, such relief is not warranted.

Relator was arrested in January 2015. Relator asserts that he has never been indicted, and his pleadings do not indicate that he has been charged with any offense by information or complaint. In February 2015, relator submitted to the State a request for discovery pursuant to Article 39.14. According to relator, respondent has not yet provided the requested discovery. At a hearing in May 2015, an assistant district attorney informed relator that it was the policy of the Travis County District Attorney's Office to provide discovery in compliance with Article 39.14 only after an individual has been indicted.

In order to be entitled to mandamus relief, a relator must show two things: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013). The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014). "A clear right to relief is shown when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Weeks*, 391 S.W.3d at 122; *see also Texas Dept. Of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981) (act is ministerial "where the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of

discretion or judgment"). Similarly, prohibition relief is available only if the relator shows that he has a clear right to the relief sought and no other adequate legal remedy is available. *See In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (citing *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 907 (Tex. Crim. App. 2011)).

With respect to the ministerial duty that relator asserts is at issue in the present matter, Code of Criminal Procedure Article 39.14 provides in relevant part,

> [A]s soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state. . . .

TEX. CODE CRIM. PROC. art. 39.14(a). Relator asserts that the "as soon as practicable" language in Article 39.14 imposes a non-discretionary, ministerial duty on the State to provide discovery within a reasonable time frame following a request from counsel, regardless of whether any indictment has been filed in the case. Because the statute does not expressly condition the State's duty to provide discovery upon the filing of an indictment, relator asserts that he has a clear right to relief in the form of pre-indictment discovery. Furthermore, because the date of the indictment is within the sole control of the State, he suggests, permitting the State to make discovery conditional upon its decision to seek an

indictment would effectively allow the State to control the time frame for the disclosure of discovery items and delay discovery until an arbitrarily chosen date.

The statutory language in Article 39.14 does not support relator's assertions that he is clearly entitled to the relief that he seeks. Although the Article requires that discovery be provided "as soon as practicable" following a request from a defendant, that language appears to apply to a period of time after a suspect is charged with some offense, either by complaint, information or indictment. *See* TEX. CODE CRIM. PROC. art. 39.14(a); *see also id.* arts. 21.01, 21.20, 21.22. The statutory language in the paragraph as a whole provides that a "timely request" will be made by a "defendant" in a criminal "case" or "action." *See id.* art. 39.14(a). This is language that would apply to pending criminal charges, but it would not apply to merely anticipated charges. *See id.* With respect to an individual, such as relator, who is merely suspected of a crime but has not been formally charged, the possibility exists that criminal proceedings will never be commenced against him and, therefore, he does not expressly fall within the common meaning of the word "defendant," nor can he necessarily be said to be the subject of a pending criminal case or action. *See id.* Furthermore, other portions of the statutory language clearly refer to the involvement of the trial court in the discovery process, which constitutes an additional circumstance suggesting that the statute applies only after criminal proceedings are actually commenced and not merely anticipated. *See id.* art. 39.14(c) ("On request of the defendant, *the court shall conduct a hearing* to determine whether withholding or redaction [of otherwise discoverable material] is justified

under this article[.]"); (d) ("In the case of a pro se defendant, *if the court orders* the state to produce and permit the inspection of a document," the State shall permit defendant to inspect and review documents); (e)(1) (prohibiting disclosure of discovery materials to third party unless "*a court orders* the disclosure" upon showing of good cause) (emphasis added). In view of the entirety of the statutory language, it appears to apply to situations involving pending criminal charges, and it, therefore, cannot be said to unequivocally require the State to produce discovery in situations in which an individual has not yet been indicted or charged by information or complaint.

Because at this point he is not yet a defendant with a case or action pending in a criminal court, relator has failed to demonstrate that he has a clear right to relief under Article 39.14. *See Bonilla*, 424 S.W.3d at 533. I, therefore, join this Court's judgment in denying relator leave to file a petition for writs of mandamus and prohibition.


Filed: June 24, 2015

Do Not Publish